IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00431-RPM

EIGHTH DISTRICT ELECTRICAL PENSION FUND,
EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND & ANNUITY PLAN,
EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE, and
TRUSTEES OF DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE,

       Plaintiffs,
v.

LITTLETON ELECTRIC, INC., and
STANDARD ELECTRIC COMPANY,

       Defendants.
_____

MEMORANDUM OF DECISION
_____

This civil action is brought under the Employment Retirement Income Security Act ("E.R.I.S.A"), 29 U.S.C. § 1132 and under the Labor-Management Relations Act, 29 U.S.C. § 185 seeking the recovery of unpaid employer and employee contributions to the plaintiffs Funds pursuant to the multi-employer Collective Bargaining Agreements with IBEW Local No. 68 and Local No. 969 and related Trust Agreements. Littleton Electric, Inc. agreed to be bound by those agreements pursuant to "Letters of Assent A". The principal question presented at the bench trial is whether the defendant Standard Electric Company is liable for the delinquent reports and payments due from Littleton Electric during the calendar year 2006.

The parties entered into stipulations in the revised Final Pretrial Order, entered August 18, 2009 and a Stipulation to Additional Undisputed Facts, filed at trial on December 21 2009. The stipulated facts are incorporated by this reference.

Littleton Electric and Standard Electric are family corporations. Littleton Electric was

incorporated in Colorado in 1974 by Mark Kulow, his mother and uncle.  Mark Kulow's father, Frank Kulow, had been an electrical contractor for many years.  He was the majority shareholder in Littleton Electric until Mark Kulow bought him out in 1985.

In 2006, Mark Kulow was the sole director of the company and held all of the stock.  The office headquarters of Littleton Electric was at 5780 South Rapp Street, in Littleton, Colorado, a building owned by Frank Kulow and leased to Littleton Electric.  Mark Kulow holds a master electrician license, a requirement for an electrical contractor, and he managed the business.  The primary work of Littleton Electric was subcontracting electrical work for highway projects of the Colorado Department of Transportation ("CDOT").  Local 68 has jurisdiction in the Front Range and Local 969 has jurisdiction for work on the Western Slope.  Another family member, Chad Harris, supervised the work on the Western Slope.

Littleton Electric had successfully bid for the electrical work at the Northglenn Wastewater Plant under a Work Recovery Program involving union participation in payment of wages of union members working on the project under certain conditions.  Mark Kulow and Local 68's business representative, Dennis Whalen, disagreed about compliance with those conditions and the union did not make payments. The Northglenn Wastewater contract had been underbid and the cost of performance increased greatly because of price increases related to shortages as result of Hurricane Katrina.  Littleton Electric was insolvent in December, 2006, primarily because of its losses on this project.

In 2006, Littleton Electric did not make any reports or payments to the Funds before September. Reports and payments were due monthly by the 15th day of the following month.  On September 22, 2006, Littleton Electric filed reports for the proceeding months but did not make the required payments.  Most of Littleton Electric's equipment was subject to a security interest on loans from Bank Of The West which went into default.  Littleton Electric had large debts and Mark Kulow ceased its business operations in December, 2006.  Because he guaranteed much of the indebtedness of Littleton Electric,

Mark Kulow and his wife filed bankruptcy under Chapter 7 of the Bankruptcy Act. Littleton Electric did not file bankruptcy.

Mark Kulow's son, Michael Kulow lived in San Diego, California where he was employed in businesses unrelated to electrical contracting, including management of a non-profit volleyball club. When Michael Kulow married and intended to start a family, he decided to return to Colorado and discussed the possibility of joining his father in the Littleton Electric business. Mark Kulow discouraged that suggestion without giving Michael Kulow any detailed information concerning the financial collapse of the company.

Mark Kulow and his son then decided to form a new corporation to engage in the electrical contracting business under the name Standard Electric. That entity was incorporated in Colorado by Michael Kulow who received 1000 shares of stock for which no compensation was given. Mark Kulow conducted the business of Standard Electric. Michael Kulow remained in San Diego until July, 2008 when he came to Colorado and became active in the business operations. Michael Kulow had no relevant experience in the business of electrical contracting. He began an apprenticeship program to learn the electrician trade. He has not completed that program to become a journeyman electrician.

The corporate formalities were followed for Standard Electric with Michael Kulow participating in corporate meetings by telephone from San Diego. The minutes of those meetings are in evidence.

The Funds claim that Standard Electric is a disguised continuation of the business of Littleton Electric, making this new corporation liable for the delinquencies of Littleton Electric. Under established law applicable to this case, it is not required that the Funds prove that there was any anti-union animus in the formation and operation of Standard Electric or that there was any intention to deceive or defraud the Funds. There is no evidence to warrant a finding of such bad purpose or unlawful motivation. The preponderance of the evidence does establish that Standard Electric was a fresh start only in the sense that a new corporate form was created to carry on the contracting business of Littleton Electric.

Mark Kulow's training, experience and reputation as a master electrician and business manager were the principal assets of Standard Electric. Michael Kulow was a novice. To suggest that Mark Kulow was an employee under Michael Kulow's management is to invert the facts of their relationship in Standard Electric. Michael Kulow was only the titular head of this company. There was complete continuity of management between Littleton Electric and Standard Electric.

Exhibit 23, an excerpt from the general ledger of Standard Electric with copies of checks and bank deposits, shows that funds from a bank account of Littleton Electric were used for the start up operating costs of Standard Electric in February and March, 2007. Mark and Michael Kulow described these as loans which were repaid. There is no written evidence of the terms of any loans and most of the money was not repaid by Littleton Electric until August, 2007. One payment in the amount of $2,803.49 was a check to a vendor-creditor of Littleton Electric on August 22, 2007. There is no evidence of what became of the bank account of Littleton Electric used for money transfers.

Exhibit 21 is a list of projects performed by Standard Electric. Three of them, 1001 Quebec Street, 1002 Riverside Parkway Phase II and III and 1003 Hogback Parking Lot, were contracts of Littleton Electric which the general contractors agreed to cancel and re-issue to Standard Electric. One project, 1006 Maroon Creek, was a Littleton Electric project which the bonding company asked Standard Electric to complete.

Most of the equipment used by Littleton electric was the property of Bank of the West because of the loan default. The bank did not take possession of that equipment and it is stored at Standard Electric's place of business at 9064 Hwy 285, Morrison, Colorado, leased by Mark Kulow as "managing member" of Standard Electric in April, 2007 with Mark Kulow's personal guaranty. Standard Electric has used a trencher, owned by the bank, claiming that it could do so because the bank was not paying storage costs. Standard Electric purchased two pick-up trucks, an air compressor and a trailer from Littleton Electric. The details of these purchases are not in evidence.

There were few employees of Littleton Electric in December, 2006.  The lead man on the Western slope, Chad Harris, resigned from the union and played the same role for Standard Electric.  He is Michael Kulow's cousin.

The legal principles governing this case are articulated in <u>NLRB v. Tricor Products, Inc.</u>, 636 F2d. 266 (10th Cir. 1980) and <u>Mass. Corp. Cent. Coll. v. Belmont Concrete Corp.</u>, 139 F3d. 304 (1st Cir. 1998).  The alter ego doctrine applicable to successor corporation liability is an equitable doctrine requiring consideration of multiple factors.  It is not only a remedy for fraud or wrongful motive.  In essence, it is a question of fairness, recognizing the strong public policy in ERISA for the protection of workers' earned benefits.  In this case, there is sufficient continuity of management, business purpose, operation and transfer of assets to support the legal conclusion that Standard Electric should be held liable for the delinquencies of Littleton Electric in its obligations to the Fund plaintiffs.  A judgment will enter for the recovery of the amounts due to the plaintiffs, from the defendants, jointly and severally.  That amount will be determined after the parties have an opportunity to calculate the amount with interest and applying credits, including the bonding company payments to the Funds, but excluding the payments made by Standard Electric directly to employees to comply with the prevailing wage requirements of the Davis-Bacon Act.  It is

ORDERED that pursuant to these findings and conclusions, the parties shall attempt to agree on the amount of the judgment to be entered, reserving the issue of costs and attorneys fees under Rule 54.  The stipulation or the statements of the parties as to their positions if there is no agreement will be filed on or before January 25, 2010.

DATED: December 23rd, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge